**Keith M. WEST, Plaintiff–Appellant,**

v.

**Jay LAMBERT; Bruce P. Hackett, Public Defender; Thomas Cannon; David Stengel, Commonwealth Attorney; Dave Armstrong, Mayor, City of Louisville, Defendants–Appellees.**

No. 00–5620.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MERRITT and COLE, Circuit Judges; HOOD, District Judge.*

### ORDER

Keith M. West appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

West filed his complaint in the district court alleging that the defendant public defenders and state prosecutors conspired to deprive him of his constitutional rights in connection with his *Alford* plea to criminal charges in the Jefferson County, Kentucky, Circuit Court. Plaintiff named as defendants his two public defenders in the case, two state prosecutors and the Mayor of Louisville, all in their individual capacities, and sought $10,000,000 compensatory damages and $25,000,000 punitive damages. The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal.

 Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment for the reasons stated by the district court in its memorandum opinion entered April 11, 2000. Essentially, plaintiff's claims are not cognizable under § 1983. The defendant public defenders are not state actors against whom claims can be asserted under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998). The defendant prosecutors also enjoy quasi-judicial absolute immunity for all of the acts alleged by plaintiff. *See Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Plaintiff did not make any allegation involving the defendant mayor, nor did he identify any custom or policy that may implicate municipal liability under § 1983. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122–24, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Finally, plaintiff's claims concerning his 1997 conviction are barred under Kentucky's applicable one-year statute of limi-

tations because plaintiff did not file his complaint until 1999. *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Under these circumstances, the district court properly dismissed plaintiff's complaint sua sponte for failure to state a claim upon which relief can be granted.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.